IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| Keith R. Irving, #N98579, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 19−cv–00557−PGR |
| DANIEL SULLIVAN, ANGELA WINSOR, MORGENTHALER, HUMMERHOUSE, and RAMSEY, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**PHILIP G. REINHARD, United States District Court Judge:**[1]

Plaintiff Keith Irving, an inmate of the Illinois Department of Corrections ("IDOC"), currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that several prison officials on multiple occasions have failed to provide him ice three times a day pursuant to a medical permit.

Before screening the complaint pursuant to 28 U.S.C. 1915A, the court must address plaintiff's failure to disclose his litigation history. When preparing his complaint, plaintiff used this court's standard civil rights complaint form for state prisoners, which requires plaintiffs to disclose all other lawsuits they have filed in state or federal court while in prison or jail. ([1], p. 3). The form also states that "FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING 'STRIKES,' MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION." *Id.* On the form, plaintiff indicated that he had previously filed other lawsuits while incarcerated. He did not, however, list such lawsuits because he claims that ten years has passed and he is unable to remember complete and accurate information regarding the cases. Plaintiff also instructed the Clerk of Court to do a computer search of his case history. *Id.*

The complaint form clearly warns that a plaintiff who fails to comply with the directive to list all his prior lawsuits may have his case dismissed by the court. ([1], p. 3). Further, the court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), and thus there is a need for reliable information about prior litigation. As a result, where a party fails to provide accurate litigation history, the court may appropriately dismiss the action for providing fraudulent information to the court. *Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where court-issued complaint form clearly warned plaintiff that failure to

---

[1] Sitting by designation pursuant to 28 U.S.C. § 294(c) and Administrative Order No. 248 of the United States District Court for the Southern District of Illinois.

1

provide litigation history would result in dismissal.)

Not only did plaintiff disregard this District's instructions on the complaint form, but he attempted to assign the task to the court. It is plaintiff's obligation to answer all questions completely and truthfully and it is his responsibility, not the court's, to disclose his litigation history. Failure to do so, particularly when he seeks to proceed IFP, can be grounds for dismissal. *Hoskins,* 633 F.3d at 543; *see also Ayoubi v. Dart,* 640 F. App'x, 524, 529 (7th Cir. 2016) ("no one needs to be warned not to lie to the judiciary"). Indicating a lapse of memory and a passage of time is insufficient to meet plaintiff's obligations.

For these reasons, the complaint is **DISMISSED without prejudice**. Plaintiff is **GRANTED** leave to file a "First Amended Complaint," in which he fully discloses his case history, on or before **September 6, 2019.** Should plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal shall also count as one of plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that plaintiff use and follow the instructions on the civil rights complaint form designated for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (19-cv-557-PGR). To enable plaintiff to comply with this order, the **CLERK OF COURT** is **DIRECTED** to mail plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED: 8/06/2019**

                                                                                                                                                                                   **PHILIP G. REINHARD**
                                                                                                                                                                                   **United States District Judge**